Connolly, J.
Defendant, Darrell McDougall (“defendant”), is charged with rape of a child by force, G.L.c. 265, §22A, and kidnapping, G.L.c. 265, §26. On November 16, 1994, defense counsel filed a motion for production and inspection of the alleged victim’s and her parents’ psychiatric records and the alleged victims school records. The motion was denied except as to the alleged victim’s counseling records for which it was allowed. “Project Rap,” the keeper of the alleged victim’s counselling records, opposes the disclosure of the privileged information. Pursuant to Commonwealth v. Bishop, 416 Mass. 169 (1993), and after consideration of all materials filed, the Defendant’s motion is DENIED.
BACKGROUND
On September 14, 1994, defendant Darrell McD-ougall (“Defendant”) was indicted for rape of a child by force, G.L.c. 265, §22A, and kidnapping, G.L.c. 265, §26. In preparation for trial, defense counsel filed a motion for exculpatory evidence seeking the psychiatric history and records of the alleged victim and her parents as well as the alleged victim’s school records. On December 19, 1994, this court, Grabau, J., allowed Defendant’s motion as to the alleged victim’s psychiatric records only.
On March 27, 1995, and April 4, 1995, the court ordered the production of the alleged victim’s records from Project Rap, an umbrella organization through which the North Shore Rape Crisis Center operates. On April 27, 1995, Nancy Nazaroff, the Clinical Director of Project Rap and keeper of the records of the North Shore Rape Crisis Center, notified the court that Project Rap/North Shore Rape Crisis Center could not comply with the subpoena because they “were not provided with reasonable notice and an opportunity to have the process quashed.” On August 14, 1995, a hearing was held before this court in which access to the alleged victim’s counselling records was argued in light of Commonwealth v. Bishop, 416 Mass. 169 (1993).
DISCUSSION
In Commonwealth v. Bishop, the Supreme Judicial Court articulated a method by which judges could determine when disclosure of an alleged victim’s statutorily privileged records was required in order to provide a defendant with a fair trial. Commonwealth v. Bishop, supra. The court began its discussion by noting that the exclusion of relevant material, for reasons other than truth-seeking, increases the risk of the erroneous conviction of an innocent defendant. Id. at 175. The court then balanced the need for disclosure of relevant materials, which ordinarily promotes the proper administration of justice, with the competing concern that “revelation of privileged information adversely affects the purposes underlying the need for the confidential relationship and serves as a disincentive to the maintenance of such relationships.” Id. at 176. To balance these competing interests, the court established a five stage procedure which a judge must follow when determining whether the alleged victim’s records should be disclosed. Id. at 181-83.
On August 24, 1995, in accordance with Stage One of Bishop, this court found that the requested records are privileged and issued written findings to that effect. See id. at 181. This court then proceeded to perform a Stage Two — Relevancy Determination. See id. at 181-82.
*267 On notice of the judge’s written finding that the target documents are privileged, defense counsel shall submit to the judge, in writing, the theory or theories, underwhich the particular records sought are likely to be relevant to an issue in the case. If the judge decides that the records are not likely to be relevant or that the defendant’s request is supported only by a desire to embark on “an unrestrained foray into confidential records in the hope that the unearthing of some unspecified information would enable [the defendant] to impeach the witness,” People v. Gissendanner, supra at 549, the judge shall deny the request.
Commonwealth v. Bishop, supra at 181-82.
At Stage Two
the defendant need not make a showing that the records actually contain information that carries, for example, the potential for establishing the unreliability of either the criminal charge or a witness on whose testimony the charge depends. The defendant must, however, advance, in good faith, at least some factual basis which indicates how the privileged records are likely to be relevant to an issue in the case and that the quest for its contents is not merely a desperate grasping at a straw.
Id. at 180 (internal citations omitted).
At the August 14, 1995, hearing, defense counsel filed in court its “submission of theories of relevancy of privileged records.” According to defense counsel,
[t]he Defendant is interested in establishing the complaining witness’ motive to lie. The complaining witness was an early teenager at the time of the alleged incident.
Discovery in this matter has revealed that there is no physical evidence that a sexual assault actually occurred. The Commonwealth’s case is based upon the allegations of the complaining witness. The records may reveal whether the allegations were fabricated and may shed light on the witness’ propensity to lie.
This court finds that the Defendant has not sustained his burden of showing some factual basis for how the privileged records are likely to be relevant to an issue in the case. Defense counsel has offered no evidence that the alleged victim has a propensity or motive to lie. Certainly the fact that she was in her early teens when the alleged assault occurred and that, according to the Defendant, there was no physical evidence of a sexual assault, is not sufficient. In Bishop, the Supreme Judicial Court made clear that if “the defendant’s request is supported only by a desire to embark on an unrestrained foray into confidential records,” it must be denied. Because the Defendant has not proffered a sufficient factual basis showing how these records are likely to be relevant to an issue in the case, the relief requested by the Defendant is denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Darrell McDougall’s Motion for Exculpatory Evidence with regard to Project Rap/North Shore Rape Crisis Center’s counselling records of the alleged victim is DENIED.